## FULLER v. HANCOCK.

The time the United States were engaged in war with Great Britain is to be computed from the 19th of April 1775, to the 3d of April A. D. 1783.

Indorsements on a bond do not save it from the Statute of Limitation.

ERROR to reverse a judgment of the County Court, in an action of debt, Hancock v. Fuller; declaring on a bond given

to Thomas Hancock, dated the 29th of January, A. D. 1761, conditioned to pay £282 19s. 7d. lawful money, by the 1st of June then next, with lawful interest; writ dated 18th of October A. D. 1786.

Plea in bar — The Statute of Limitation; and that the cause of action accrued more than seventeen years before the date and impetration of the plaintiff's writ, exclusive of the time this state was engaged in war with Great Britain.

Plaintiff replies — That he ought not to be barred; because he says, that on the 30th of November A. D. 1782, certain provisional articles for the eventual restoration of peace, were agreed upon at Paris, by the commissioners of the belligerent powers to be inserted in and to constitute the treaty, between the crown of Great Britain and these United States; but not to be concluded until a treaty of peace should be entered into between Great Britain and France. And the preliminary articles of a treaty of peace between Great Britain and France, were signed on the 20th of January A. D. 1783; and the ratification of said articles were exchanged on the 3d of February A. D. 1783; and on the 20th of February A. D. 1783, a declaration of the suspension of hostilities, was agreed upon at Paris, between Great Britain and the United States, and published; and on the 3d of February A. D. 1783, it was agreed between Great Britain, France, Spain, and Holland, that hostilities should cease, and a restoration of all captures made in the channel after twelve days, and of all made after one month, from the channel and north seas as far as the Canary islands, inclusively, whether in the ocean or Mediterranean; and from the Canaries as far as the equator, after two months; and lastly, after five months, in all other parts of the world without further description of time and place: And on the 14th of February his Britannic Majesty issued a proclamation enjoining upon his subjects a strict observance of said articles; and on the 11th of April, A. D. 1783, a proclamation was issued from the congress of the United States, reciting said articles of agreement, and enjoining upon all the citizens a

strict observance of them, and a cessation of hostilities took place agreeable to said articles; and was never after recommenced; and the definitive treaty of peace between Great Britain and these United States, was not finally agreed upon and concluded by their respective ministers plenipotentiary, until on the 23d day of September A. D. 1783, when the same was done; and said definitive treaty was not ratified by the United States in congress assembled, until on the 14th of January A. D. 1784; by which, a final end was put to all hostilities; prisoners taken in war to be released, armies to be disbanded, garrisons to be withdrawn, property and papers taken, etc. to be delivered up. And the provisional articles were not to be carried into full effect, until the final ratification of the definitive treaty; and that the war was not terminated until the definitive treaty was agreed upon, concluded and ratified as aforesaid. And the plaintiff further says that the defendant made sundry payments on said bond, viz. in January A. D. 1762, £42, which is indorsed; in July, A. D. 1765, £5; in December 1767, £20; in December A. D. 1768, £19; in November A. D. 1772, £66; in November A. D. 1773, £30; all indorsed on said bond; and in December A. D. 1784, the plaintiff demanded of the defendant payment of the remainder of said bond; and the defendant, by letter under his hand, promised the plaintiff to pay him the balance due on said bond the spring following, but never has.

Defendant rejoins — That the only material difference between the provisional articles, and the definitive treaty, consists in the introductory clauses; and traverses his acknowledging said debt in December A. D. 1784, and his promising by letter to pay it. Plaintiff demurred; and County Court gave judgment, that the rejoinder of the defendant was insufficient; and for the plaintiff to recover.

Errors assigned — That a right of action accrued on said bond, the 2d of June, A. D. 1761; that the time this state was engaged in war was from the 19th of April, A. D. 1775, to the 3d of April, A. D. 1783, only; and that more than seventeen years had elapsed from said 2d of June, when the right

of action accrued, and the date and impetration of the plaintiff's writ, after expunging the time of the war.

Judgment — Manifest error.

By the COURT. The time which the state was engaged in the war, is to be computed from the 19th of April, A. D. 1775, to the 3d of April, A. D. 1783, when the armistice took place in America, and was never after interrupted; and that indorsements upon a bond doth not save it out of the Statute of Limitation.