HITTSON v. DAVENPORT.

Where a defendant pleads the statute of limitations to a declaration in debt upon a specialty, a reply setting up a new promise is bad on general demurrer.

*Appeal from District Court of Arapahoe County.*

THE facts are stated in the opinion.

Messrs. MILLER & CLOUGH, for appellant.

Messrs. WELLS, SMITH & MACON, and Mr. G. B. REED, for appellee.

ELBERT, J.   This was an action in debt, instituted on two sealed instruments for $5,000 and $10,000 respectively, each dated Palo Pinto, Texas, March 14, 1871.   The sixth plea interposed by the defendant was, that the cause of action accrued without the Territory of Colorado, more than three years next preceding the institution of the suit. The plaintiff replied, 1st, That the cause of action accrued within three years; and 2d, that the defendant ratified, renewed and confirmed the said writings obligatory at Palo Pinto, Texas, after the lapse of the said three years, and within the three years next preceding the institution of the suit, to wit: on the first day of January, 1874.   To this last replication, the defendant filed a general demurrer, which the court overruled, and the defendant electing to abide by his demurrer, judgment was entered thereon.   This constitutes the third assignment of error.

Section 16, R. S., 439, under which the plea was interposed, declares " that it shall be lawful for any person, against whom any action shall be commenced, in any court in this Territory, where the cause of action accrued without the Territory, upon a contract or agreement, expressed or implied, more than two years before the commencement of the action, or upon any sealed instrument in writing, or judgment or decree of any court, more than three years

before the commencement of the action, to plead the same and give the same in bar of the plaintiff's right of action."

The first section of the act declares that "*the action shall be commenced within six years next after the cause of action shall accrue, and not afterward.*" This is the formula generally employed by similar statutes, and is that which has received the construction of the courts. The sixteenth section declares that "*it shall be lawful to plead the lapse of the three years, and give the same in bar of the plaintiff's right of action.*"

We are unable to see that the peculiar wording of the sixteenth section enables us to give it any other or different force than if it had adopted the usual prohibitory words of the first section, and said that the actions named therein "shall be commenced within three years, and not afterward." The section simply declares in terms that the defendant in such cases may plead what under the first section it is the practice, without any such provision, to plead, to wit: the fact that the cause of action had not accrued within the statutory time, in bar of the plaintiff's right to recover. To such a plea, equally under the one section as under the other, where the action is assumpsit, the plaintiff might reply a new promise, and if proven it would avail to take the case out of the statute. The question presented in this case upon the pleadings is, will a new promise avail to take a case out of the statute where the action is debt on specialty? The question is not free from difficulty.

It will be observed that under our statute, as well as under that of 21 James I, the removal of the statutory bar by a new promise is not by force of any provision therefore in the statute. The doctrine that a new promise, in action of assumpsit, would take a case out of the statute, appears to have been originally based upon the proposition that the statute was never intended to prevent the recovery of a debt acknowledged to be due, and that a debt so acknowledged did not fairly come within the meaning and intendment of the statute. The statute, then, was regarded by the courts as a statute of presumptions, presuming pay-

ment from lapse of time—a presumption which could not be insisted upon when the debt was acknowledged as subsisting and unpaid. Under this view arose a series of decisions allowing the slightest acknowledgment to take the case out of the statute, which well nigh destroyed its efficacy. In time, however, the statute became to be regarded as a statute of repose, having regard to the peace and welfare of society, "not enacted to protect persons from claims fictitious in their origin, but from ancient claims, whether well or ill founded, which may have been discharged, but the evidence of discharge lost." The promise is no longer regarded as rebutting a presumption of payment, but as a new contract.

After an elaborate review of the decisions of England and America, Mr. Angel says : " That it clearly appears both on principle and authority that the promise is a *new* contract, springing out of, and supported by the original consideration." Angel on Lim., § 231. The practice, however, continued, of declaring on the old contract and replying the new promise.

While the doctrine allowing a new promise to take an action of *assumpsit* out of the statute is firmly established, it has been very frequently questioned, both in England and America. Sergeant Williams, in *Hodsden* v. *Harridge*, 2 Saunders, 64, remarks : " After all it might perhaps have been as well if the letter of the statute had been strictly adhered to ; it is an extremely beneficial law, on which the security of all men depends, and is, therefore, to be favored ; and although it will now and then prevent a man from recovering an honest debt, yet it is his own fault that he postponed his action so long, besides which the permitting of evidence of promises and acknowledgments within the six years seems to be a dangerous inlet to perjury." PEARSON, J., quoting this in *Thompson* v. *Gilreath*, 3 Jones (N. C.), 495, says : " The justness and force of this remark by a judicious and learned writer has of late years been admitted and yielded to by the courts; and the inclination now is

to adhere to the letter of the statute, except where a departure from it is firmly fixed by a direct authority."

This changed view of the statute and its purposes taken by the courts, and the profession, throws light upon the decisions when the question of the force of a new promise arose in an action of debt.

In the case of *A' Court* v. *Cross*, 3 Bing. 328, although the action was *assumpsit*, Chief Justice BEST is regarded as stating correctly the doctrine of the English decisions upon this question. He says, referring to the statute of James, "The statute says that actions on the case, account, trespass, debt, detinue and replevin, shall be brought within six years after the cause of action, and not after. These actions, it will be observed, are mentioned in the same section of the act, and the limitation of the time within which they must be brought, is the same in all of them. In all of them, except *assumpsit*, the six years commence from the moment there is a cause of action, and *that time cannot be enlarged by any acknowledgment.* But in *assumpsit* it has been holden that although six years have elapsed since the debt was contracted, if the debtor promises to pay it within six years, he cannot avail himself of the protection of this statute, because this promise, founded on a moral consideration, is a new cause of action." In *Tanner* v. *Smart,* 6 Barn. & Cres. 603, the court, speaking of the same statute, says: "That although the act places all actions of trespass, detinue, case, etc., on the same footing as to time, it is only in *assumpsit* that an acknowledgment has been held to take from a defendant its protection."

Subsequently, the statute of 9 George IV was enacted, commonly known as Lord Tenterden's act. The first section of this act provided that an acknowledgment or promise must be in writing, and signed by the party chargeable thereby, in order to take a case out of the statute, including in terms "actions of debt" as well as actions upon the case. A similar provision is adopted in statutes of limitation of many of the American States.

From our own statute this important provision is omitted. In such States as have not made a similar provision a part of their act of limitations, we believe the doctrine of the case of *A' Court* v. *Cross, supra,* has been followed, whenever the question arose, without exception.

Speaking of the statute of James, Mr. Angel, in his work on Limitations, § 209, says: "In every form of action but that of assumpsit, the construction has been in unison with the words and policy of the law."

In North Carolina, in the case of the *Governor* v. *Hanrahan,* 4 Hawks, 44, in an action in debt, on a sheriff's bond against several defendants, TAYLOR, C. J., says: "I think the bar of the statute could not be removed, even by the promise of all when they are sued on the bond, although, if a presumption of payment from length of time had been relied upon, such promise would have been proper and strong evidence, to repel it. But where a positive bar by statute is relied upon, a new promise cannot revive the remedy on the bond."

The same doctrine is held in the case of *Morrison* v. *Morrison,* 3 Dev. 402, which was an action of debt on simple contract. DANIEL, J., says: "The action of debt being founded on the original contract, the plea of the act of limitations is a bar. The replication that the defendant's intestate promised to pay the debt within three years, next before the time of suing out the writ, is not good."

In *Thompson* v. *Gilreath,* 3 Jones, 493, PEARSON, J., says: "The doctrine that the statute of limitations can be repelled by proof of a new promise is confined to actions on promises," and this doctrine is re-affirmed by the same judge in the case of *Taylor* v. *Spivley,* 11 Iredell, 427.

In Alabama, the case of *Crawford et al.* v. *Childress, ex.,* 1 Ala. (N. S.) 483, is an authority to the same effect, and is an instance of the application of the rule in a chancery suit, founded upon specialty.

In Maryland, the case of *Young* v. *Mackall,* 3 Md. Ch. 400, the Chancellor says: "But the decisions of the courts

are conclusive to show that evidence of this kind is not sufficient, nay, that even an express promise to pay the debt will not revive the remedy upon the bond barred by the statute, though upon such promise suit may be maintained, and the bond, though over twelve years standing, may be offered in evidence as the inducement of the promise," and in support of this cites *Veasy* v. *Bassett*, 7 Harr. & J. 461; *Lamar* v. *Mauro*, 10 G. & J. 50. To the same effect is the case of *Carroll* v. *Lee, etc.*, 3 id. 504.

In Connecticut the same doctrine is held in the cases of *Gustin* v. *Brattle*, Kirby, 299, and *Fuller* v. *Hancock*, 1 Root, 238.

In New Jersey, in the case of *Ludlow* v. *Van Camp*, 2 Halst. 413.

In New Hampshire, in the cases of *Rice* v. *Wilder*, 4 N. H. 336; *Downer* v. *Shaw*, 28 id. 151. In the last case cited, Wood, J., says: "No cases have been cited by the vigilant counsel for the plaintiff, nor have we been able, after long and patient research, to find a single case in which a different doctrine has been holden, or even that gives countenance to the idea that the time may be enlarged beyond that mentioned in the statute within which an action may be brought and maintained in any other form of action than assumpsit by reason of the acknowledgment of the debt or payment of any part of it, or even by a new express promise."

We also have been unable to find any case where such a replication has been held good in an action of debt, unless under a statute allowing it. The rule, as held by these authorities, obtains in all actions of debt, without reference to whether the original contract be a simple contract or specialty.

Respecting specialties, we get but little aid from the English authorities, as they were excepted from the operation of the statute.

It seems to us, however, that there is another objection to the replication of a new promise where the original contract is specialty.

In *Field's Case*, 2 Rawle, 351, Chief Justice GIBSON holds that a promise to pay a specialty debt, which has been discharged by a certificate of bankruptcy, does not revive the original debt as a debt by specialty.; the original debt is merely a consideration which renders a new promise available. He says: "There is but one case in the English books in which an opinion is intimated that a specialty might be revived by parol. * * * It is impossible to conceive how an instrument can regain its properties once lost, except by a repetition of the solemnities from which it originally derived them."

In *Ludlow* v. *Van Camp*, 2 Halst. 113, FORD, J., remarks: "It is said that courts of law always allowed a simple contract after it had been barred by the statute of limitations, to be revived by a new promise, in consideration of the old debtor or duty, and therefore a bond may be revived in like manner. But the analogy does not hold, for if the way to revive an old promise is by making a new one, then the way to revive an old debt is by making a new one." See, also, *Graham* v. *Hunt*, 8. B. Monr. 7.

If it were permissible in such a case to declare upon the original specialty, it is difficult to see how a replication of a new promise could be framed without a departure.

In *assumpsit* the settled practice is to bring the suit on the old contract, and reply the new promise. In such case the new promise supports the declaration, but how can it be said that a parol promise to pay supports a declaration in debt on specialty?

In *Tanner* v. *Smart*, 6 Barn. & Cres. 603, Lord TENTERDEN remarks: "When the case of *Hart* v. *Parker*, 1 B. & A. 92, was decided to be inapplicable to actions of trespass, Lord ELLENBOROUGH gave what appears to be the true reason, that in assumpsit, 'an acknowledgment of the debt is evidence of a fresh promise,' and that promise is considered as one of the promises laid in the declaration, and one of the causes of action which the declaration states. If an acknowledgment had the effect which the cases in the

plaintiff's favor attribute to it, one should have expected that the replication to a plea of the statute would have pleaded the acknowledgment in terms, and relied upon it as a bar to the statute.   Whereas the constant replication, ever since the statute, to let in evidence of an acknowledgment is, that the causes of action accrued (or the defendant made the promise in the declaration), within six years, and the only principle upon which it can be held to be an answer to the statute is this, that an acknowledgment is evidence of a new promise, and as such constitutes a new cause of action, and supports and establishes the promises which the declaration states.   Upon this principle, whenever the acknowledgment supports any of the promises in the declaration, the plaintiff succeeds ; when it does not support them (though it may show clearly that the debt has never been paid and is still a subsisting debt) the plaintiff fails."

Again, after reviewing some of the English decisions, he says : " All these cases proceed upon the principle that under the ordinary issue on the statute of limitations an acknowledgment is only evidence of a promise to pay, and unless it is conformable to, and maintains the promises in the declaration though it may show the demonstration that the debt has never been paid and is still subsisting, it has no effect."

The principles of pleading here laid down we think applicable to the replication under consideration.   We do not understand it to allege a new delivery of the old contract, but an acknowledgment from which a new promise is to be implied; it is this or it is nothing.   Whatever objections may be urged against this section of the law is matter for legislative attention.   It is our duty to interpret it as it reads by the light of the authorities.   This interpretation must be the same whether the time limited be long or short, so long as the legislature acted within constitutional limits.   Under the authorities it must be held that the court erred in overruling the defendant's

demurrer to the second replication, and it follows that evidence of a new promise was not admissible under the first replication to take the case out of the statute. The judgment of the court below is reversed and the cause remanded with directions to enter up judgment of dismissal.

*Reversed.*